BARRY COUNTY DEPARTMENT OF SOCIAL SERVICES v
POTTER

1. INFANTS—PATERNITY—INITIATION OF PROCEEDINGS—STATUTES.

A section of the Paternity Act which requires the department of social services to attempt to have a father voluntarily initiate proceedings to acknowledge paternity, or to have a complaint in a paternity action verified by a department officer where the complaint is filed by the department on behalf of the child, does not apply where the complaint is filed by the mother (MCLA 722.714[h]; MSA 25.494[h]).

2. PARTIES—ADDITION OF PARTIES—COURT RULES—PATERNITY.

Parties to an action may be added or dropped at any stage of the proceedings on such terms as are just, and a trial court did not abuse its discretion by permitting the department of social services to enter a paternity action immediately before trial where the department's claim for reimbursement rested upon the same factual issue as the original action and where, by the nature of the original proceedings, the defendant was aware of his potential liability to the department (GCR 1963, 207).

Appeal from Barry, Willard L. Mikesell, J. Submitted October 6, 1976, at Grand Rapids. (Docket No. 26126.) Decided November 9, 1976.

Complaint by Michele Burghdoff against Philip C. Potter for an order of filiation declaring the defendant to be the father of a child born to the plaintiff. The Barry County Department of Social Services joined the action as a party plaintiff seeking reimbursement of money expended in support of the mother and child. Judgment for plaintiffs. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 10 Am Jur 2d, Bastards § 74 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Milton I. Firestone, Thomas R. Wheeker* and *Erica Weiss,* Assistants Attorney General, for the Barry County Department of Social Services.

*Loeks, Buth, Wood & Weidaw,* for defendant.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and T. M. BURNS, JJ.

T. M. BURNS, J. On August 22, 1974, Michele Burghdoff filed a paternity suit against the defendant in Barry County Circuit Court. On June 19, 1975, the Barry County Department of Social Services (social services) filed a petition requesting permission to join the suit as a party plaintiff. Defendant filed an answer in objection to the petition on July 23, 1975, the day before trial. On July 24, 1975, immediately prior to trial, the trial court granted social services' petition.

Defendant was found to be the father of Ms. Burghdoff's child. An order of filiation was entered on October 3, 1975, requiring defendant to pay the medical expenses of the pregnancy and to reimburse social services for money expended in support of mother and child. Defendant appeals as of right from the judgment and order.

Ms. Burghdoff was represented in the proceedings by John Huntley, an attorney for the department of social services. In the petition to add social services as a party plaintiff it was alleged that Ms. Burghdoff had expressed a desire to dismiss the paternity action since she had ceased accepting public assistance. Mr. Huntley stated in the petition, on behalf of social services, that Ms.

Burghdoff had received public assistance in excess of $6,600 for which the department sought reimbursement from the defendant.

On appeal defendant argues that the addition of social services as a plaintiff was reversibly erroneous because the department had not attempted to have the father voluntarily initiate proceedings to acknowledge paternity and because the complaint was not verified by an officer of the department of social services. Defendant refers to the requirements of MCLA 722.714(h); MSA 25.494(h),[1] being subsection 4(h) of the Paternity Act, MCLA 722.711 *et seq.,* MSA 25.491 *et seq.*

Subsection 4(h) of the Paternity Act, upon which defendant relies, is not applicable to the instant case. Under the Paternity Act, proceedings may be instituted by the mother, the father or the department of social services. MCLA 722.714(a); MSA 25.494(a). *If the complaint is filed by the department of social services acting on behalf of the child,* the requirements of MCLA 722.714(h), *supra,* must be met. In the case at bar the complaint

[1] MCLA 722.714(h); MSA 25.494(h) provides as follows:

"If a child born out of wedlock is being supported in whole or in part by public assistance, the department of social services may file a complaint on behalf of such child in the circuit court of the county in which the child resides, praying for the entry of the order of filiation, as provided in subsection (a) of section 7. The mother of the child shall be made a party plaintiff and notified of the hearing on the complaint by summons which shall be in such form as the court shall determine and shall be personally served as directed by the court. The order of filiation entered under this section shall have the same effect, be subject to the same provisions and enforced in the same manner as an order of filiation would be if entered on complaint of the mother. The complaint made by the department of social services shall be verified by the director of the state department of social services, his designated representative or by the director of the county department of social services or his designated representative of the county where an action is brought. The action provided in this subsection may be taken only after the department has unsuccessfully attempted to have the alleged father voluntarily initiate legal action to acknowledge paternity."

was filed by the mother, not the department of social services.

In most, if not all, cases where a paternity suit is commenced by the mother and later joined by the department of social services, the purposes of the subsection 4(h) requirements will have been satisfied, as they were in the case at bar. Verification of the complaint is a safeguard against false or fraudulent actions. Requiring that an official of the department of social services verify the complaint in a paternity action brought by the department is a necessary assurance that the facts underlying the action are true. Requiring the department to attempt to have the putative father voluntarily initiate paternity acknowledgment proceedings before commencing a paternity action against him seeks to give the putative father a chance to spare himself the notoriety of a contested suit and the embarrassment and inconvenience of possible arrest and confinement under MCLA 722.714(e); MSA 25.494(e).

In the instant case Ms. Burghdoff in her complaint alleged that the defendant was the father of a child born to her out of wedlock, and she attested to the truthfulness of the allegations. We do not believe that the department of social services is in a better position to verify such facts. In his answer to the complaint the defendant denied having fathered any child born to Ms. Burghdoff, thus putting the child's paternity at issue. To require the department of social services to thereafter verify the complaint and seek to have the father voluntarily acknowledge paternity would be to require unnecessary and futile acts. We do not read the statute to require such.

The defendant next argues that the trial court abused its discretion in permitting the department

of social services to enter the action at an untimely stage of the proceedings. We find no abuse of discretion on the part of the trial court or prejudice to the defendant. Whether the department of social services entry into the suit is treated as joinder or intervention, the result is the same. The claim for reimbursement rested upon the same factual issue raised by Ms. Burghdoff. GCR 1963, 206.1, 209.2. Parties may be added or dropped at any stage of the proceedings on such terms as are just. GCR 1963, 207. The issue of paternity remained the same and by the very nature of the original proceedings defendant was aware of his potential liability to social services. MCLA 722.717(b); MSA 25.497(b). Defendant's contention that counsel was not given notice of the department's petition or the date of the hearing on the petition is not well taken. The record indicates that the petition and notice of hearing on the petition were filed on June 19, 1975, and served upon defense counsel on the same date.

Affirmed.