MADARY v ENGEL

Docket No. 49608. Submitted December 11, 1980, at Lansing.—Decided November 30, 1981.

Stephanie A. Madary brought a paternity action against William L. Engel. The defendant denied paternity and demanded a blood test, which was ordered by the court. The plaintiff filed an affidavit indicating that she was receiving public assistance, thus suspending her obligation to pay assessed costs and fees. Charlevoix Circuit Court, Martin B. Breighner, J., dismissed the plaintiff's complaint after finding that she had not proven that the defendant was the child's father by a preponderance of the evidence and ordered the Charlevoix Department of Social Services to reimburse the defendant for assessed costs and fees. The plaintiff appeals. *Held:*

1. The trial court improperly assessed costs and fees against the department. The department did not initiate, nor was it a party to the action.

2. The trial court's findings of fact upon which it based its dismissal of the plaintiff's complaint were not clearly erroneous and will not be set aside.

Affirmed in part, reversed in part.

1. Children Born Out of Wedlock — Actions — Paternity — Blood Tests — Paupers — Statutes.

A proceeding to determine a child's paternity may be commenced by the child's natural mother, a county department of social services, or a putative father; where the proceeding is initiated by an indigent mother, represented by a county prosecutor, the county department is not a party to the action, and payments for court-ordered blood tests relative to the issue of paternity are not properly assessable against the county under the Pater-

References for Points in Headnotes

[1] 10 Am Jur 2d, Bastards §§ 32, 74, 75, 126.

[2] 73 Am Jur 2d, Statutes § 250.

[3] 4 Am Jur 2d, Appeal and Error § 76.

Application of "clearly erroneous" test of Rule 52[a] of Federal Rules of Civil Procedure to trial court's findings of fact based on documentary evidence. 11 ALR Fed 212.

nity Act, the mother's indigency notwithstanding (MCL 722.714, 722.716[c]; MSA 25.494, 25.496[c]).

2. STATUTES — JUDICIAL CONSTRUCTION.
   Every phrase, clause, and word in a statute must be given effect where at all possible in construing the statute, and no part of the language should be ignored or discarded for the sake of convenience.

3. APPEAL — FINDINGS OF FACT — COURT RULES.
   A trial court's findings will not be set aside on appeal unless clearly erroneous (GCR 1963, 517.1).

*Scott T. Beatty,* Prosecuting Attorney, for plaintiff.

*Jackson & Rolinski, P.C.* (by *Ronald J. Kirkpatrick),* for defendant.

Before: BRONSON, P.J., and J. H. GILLIS and C. L. BOSMAN,* JJ.

C. L. BOSMAN, J. Plaintiff appeals as of right from a judgment entered after a bench trial dismissing with prejudice her complaint brought under the Paternity Act, MCL 722.711 *et seq.;* MSA 25.491 *et seq.*

Plaintiff filed this paternity action pursuant to MCL 722.714(c); MSA 25.494(c). She was represented by the Charlevoix County Prosecuting Attorney because she was receiving public assistance. Defendant, the putative father, denied paternity and demanded a blood test. The court-ordered blood test report indicated that defendant could not be excluded from paternity.

The plaintiff filed an affidavit with the trial court stating that she was receiving public assistance, thereby suspending her obligation to pay assessed costs and fees pursuant to GCR 1963,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

120.2. The trial court, after finding in favor of the defendant, entered a judgment which in part stated:

"It is further ordered and adjudged that defendant shall recover from the County of Charlevoix, Department of Social Services, the costs and charges to be taxed in the sum of two hundred forty ($240.00) dollars."

Two hundred dollars of those costs represent the cost of the blood test previously ordered to be paid by the defendant. The remaining 40 dollars represents the judgment fee and attorney fee.

Appellee argues that the trial court is empowered by MCL 722.716(c); MSA 25.496(c) to order the payment of these costs by the county. That statute provides:

"The court shall fix the compensation of any expert at a reasonable amount, and may direct the same to be paid by the county, or any other party to the case, or by both in such proportions and at such times as the court prescribes. Prior to making the test, the court may order any part or all of the compensation paid in advance."

The Paternity Act permits a paternity proceeding to be commenced by the natural mother, by a county department of social services, or by a putative father. MCL 722.714(a), (h); MSA 25.494(a), (h). Where, as here, the action is initiated by the mother, the county department of social services is not a party to the action, although it may petition to be joined as a party plaintiff. See *Barry County Dep't of Social Services v Potter,* 72 Mich App 233; 249 NW2d 370 (1976). The critical language contained in MCL 722.716(c); MSA 25.496(c) is the phrase "or any other party to the case". Those

words generate a strong inference that the Legislature, in drafting the statute, meant that for a blood test fee to be properly assessable against a county department of social services, the county department of social services must be a party to the paternity suit. Otherwise, the word "other" becomes superfluous and unnecessary. It is a fundamental precept of statutory interpretation that all of the statutory language must be given effect if at all possible and that no part of the language may be discarded simply for the sake of convenience. No phrase, clause, or word of a statute should be ignored in construing it; effect must be given to every part. *Melia v Employment Security Comm,* 346 Mich 544; 78 NW2d 273 (1956). Giving the word "other" its proper meaning within the context of the statute, it follows that the Legislature intended by this statutory language to provide that whenever a county is a party to a paternity action, it is within the trial court's discretion to assess blood test fees against that county's department of social services. However, when a county is not a party to a paternity action, the trial court cannot assess those costs against it. Because the Charlevoix County Department of Social Services is not a party to this action, the assessment of costs against it was improper.

Plaintiff also argues that the trial court erred in dismissing her complaint upon finding that she had not proven that defendant was her child's father by a preponderance of the evidence. GCR 1963, 517.1 provides that a trial court's finding of fact shall not not be set aside unless clearly erroneous. We are not left with a definite and firm conviction that a mistake has been committed and find no error requiring reversal.

Affirmed as modified.